IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICIA ALLEN,

           Plaintiff,

vs.                                 Case No. 12-1423-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

           Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On July 29, 2011, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 10-19). Plaintiff alleges that she has been disabled since July 5, 1996 (R. at 10). At step one, the ALJ found that plaintiff has not engaged in

4

substantial gainful activity since plaintiff's application date of February 5, 2010 (R. at 12). At step two, the ALJ found that plaintiff has the following severe impairments: diabetes, obesity and anxiety (R. at 12). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 12). After determining plaintiff's RFC (R. at 14), the ALJ determined at step four that plaintiff has no past relevant work (R. at 18). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 18-19). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 19).

**III. Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20

5

C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ found that plaintiff had the RFC for light work, in that the plaintiff can lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and/or walk for 6 hours in an 8 hour workday; and sit for 6 hours in an 8 hour workday. Plaintiff was also limited to jobs involving no more than occasional interpersonal contact (R. at 14).

Plaintiff argues that there is no evidence that supports plaintiff's RFC, particularly in regards to her physical limitations, and there is medical evidence that does not support the ALJ's physical RFC findings. The court will therefore review the evidence that addresses plaintiff's physical limitations.

Dr. Shawn Morrow conducted a consultative physical examination on April 24, 2010 (R. at 259-261). Other than to find that plaintiff had no difficulty getting on and off an examination table, had no difficulty with heel and toe walking, mild difficulty squatting and arising from the sitting position, and moderate difficulty with hopping (R. at 260-261), Dr. Morrow gave no opinion or specific conclusions regarding her ability to work. See Fleetwood v. Barnhart, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007)(consulting physician did not form specific conclusions regarding claimant's ability to work).

On October 18, 2010, Dr. Siemsen reviewed the record, including the evaluation by Dr. Morrow, and concluded that

plaintiff's physical impairments were not severe (R. at 281).
The ALJ gave "some" weight to this opinion, but noted that
although Dr. Siemsen found that plaintiff's diabetes was non-
severe, the ALJ found that the medical record, including the
report of Dr. Morrow, established that plaintiff's diabetes was
severe (R. at 16). The ALJ also found that plaintiff's obesity
was a severe impairment (R. at 14).

On June 23, 2011, Leslee Bartell, an advanced registered
nurse practitioner (ARNP), and a treatment provider, filled out
a medical source statement-physical, opining that plaintiff
could stand/walk for less than 1 hour a day, sit for less than 1
hour a day, could never engage in numerous postural and
manipulative limitations, and must avoid any exposure to
numerous environmental factors (R. at 309-310). However, on the
same day, ARNP Bartell filled out a form for listed impairment
8.49 in which she stated that she was not qualified to make
findings regarding how many hours plaintiff could work per day,
or how often she could sit or stand at one time, or how much she
could lift, and whether she could balance (R. at 307).

The ALJ gave little weight to the opinions of ARNP Bartell
because the two forms are inconsistent with each other. The ALJ
also found that the opinions of ARNP Bartell regarding
plaintiff's alleged limitations are inconsistent with
plaintiff's testimony that she can walk a couple of blocks,

8

drive, perform household chores, and does not use a cane or walker to ambulate (R. at 15).

The ALJ then stated that based on the objective evidence, treatment, daily activity, and work history, plaintiff was capable of performing light work, can stand/walk for 6 hours a day, sit for 6 hours a day, and should have no more than occasional interpersonal contact (R. at 17, 14).  However, the ALJ does not point to any evidence in support of any of these limitations.

As stated in SSR 96-8p, "the RFC assessment must include a narrative discussion describing how the evidence **supports each conclusion**, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  Wells v. Colvin, 727 F.3d 1061, 1069 (10th Cir. 2013)(emphasis in original).  As noted above, the ALJ fails to point to any evidence in support of any of his RFC findings.  The ALJ's conclusory statement that the objective evidence, treatment, daily activity and work history support his RFC findings is insufficient; the ALJ failed to indicate what objective evidence, treatment, daily activity and work history supported his RFC findings.

An exact correspondence between a medical opinion and the RFC is not required.  In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record

9

evidence, including but not limited to medical opinions in the file.  That said, in cases in which the medical opinions appear to conflict with the ALJ's decision regarding the extent of a plaintiff's impairment(s) to the point of posing a serious challenge to the ALJ's RFC assessment, it may be inappropriate for the ALJ to reach an RFC determination without expert medical assistance.  The Commissioner must make every reasonable effort to ensure that an acceptable medical source has completed the medical portion of the case review and any applicable RFC assessment.  Wells, 727 F.3d at 1071-1072 (in Wells, the ALJ rejected 3 medical opinions, finding that they were inconsistent with the other evidence in the file; the court directed the ALJ, on remand, to carefully reconsider whether to adopt the restrictions on plaintiff's RFC detailed in the medical opinions, or determine whether further medical evidence is needed on this issue).

In the case of Fleetwood v. Barnhart, 211 Fed. Appx. 736 (10th Cir. Jan. 4, 2007), the ALJ relied on a state agency medical consultant who filled out a check-the-box evaluation form, which, standing alone, the court found did not constitute substantial evidence.  The court stated that no other medical evidence in the record specifically addressed her ability to work.  The court held as follows:

> To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.
>
> The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which those findings could be based." Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir.1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5. Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993); accord Hawkins v. Chater, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Ms. Fleetwood's counsel did not request any additional record development, the need for additional evidence is so clearly established in this record that the ALJ was obliged to obtain more evidence regarding her functional limitations. See Hawkins, 113 F.3d at 1167-68.

Fleetwood, 211 Fed. Appx. at 740-741; see Martin v. Astrue, Case No. 09-1235-SAC (June 28, 2010, Doc. 13-15, 16-18).

In the case before the court, the ALJ rejected the opinions of plaintiff's treatment provider. The ALJ also rejected the opinion of Dr. Siemsen that plaintiff had no severe impairments. There is no other medical evidence that directly addresses plaintiff's RFC or ability to work. Plaintiff does not cite to any evidence, medical or otherwise, in support of any of his RFC

11

findings.  When all of the medical opinions appear to conflict with the ALJ's decision regarding the extent of a plaintiff's impairment or plaintiff's RFC, and the ALJ does not cite to any evidence in support of any of his RFC findings, it is inappropriate for the ALJ to reach an RFC determination without expert medical assistance.

On remand, the ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess plaintiff's RFC.  The ALJ should consider recontacting plaintiff's treating medical sources, request additional records, or order a consultative examination.  20 C.F.R. § 404.1520b(c); Fleetwood, 211 Fed. Appx. at 741; Lamb v. Barnhart, 85 Fed. Appx. 52, 57 (10th Cir. Dec. 11, 2003).  The ALJ could also consider having a medical expert testify at the hearing regarding plaintiff's RFC after reviewing the record.[2]  In the alternative, the ALJ could request a state agency assessment by a physician who could review the record and provide a written report setting forth their RFC findings and providing a thorough written explanation for their RFC findings.

---

[2] The U.S. Supreme Court has considered the use of medical advisors at administrative hearings and approved of the concept. Richardson v. Perales, 402 U.S. 389, 408 (1971). Such opinions are competent evidence and in appropriate circumstances may constitute substantial evidence supporting the ALJ's decision. Lopez v. Apfel, 1997 WL 758831 at *2 (10th Cir. Dec. 9, 1997)(ALJ properly relied on opinions of medical advisor and consulting physicians who disagreed with treating physician on issue of disability); Torres v. Secretary of HHS, 870 F.2d 742, 744 (1st Cir. 1989)(the testimony of a medical advisor who reviews the record, testifies and is subject to cross-examination may constitute substantial evidence depending on the circumstances, including the nature of the illness and the information provided to the advisor).

**IV. Are the ALJ's credibility findings supported by substantial evidence?**

Plaintiff also asserts error by the ALJ in his credibility findings. The court will not address this issue because it may be affected by the ALJ's resolution of the case on remand after making sure the file contains sufficient evidence to assess plaintiff's RFC. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 11th day of February 2014, Topeka, Kansas.

                                        s/Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge